# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LLOYD T. SCHUENKE,

        Petitioner,

v.

CHANTELL JEWELL,

        Respondent.

Case No. 23-CV-935-JPS

**ORDER**

## 1.    INTRODUCTION AND BACKGROUND

On July 12, 2023, Petitioner Lloyd T. Schuenke ("Petitioner") filed a petition for a writ of habeas corpus, ostensibly under both 28 U.S.C §§ 2241 and 2254. ECF No. 1. On July 26, 2023, he filed a brief addendum to his petition. ECF No. 3. Petitioner writes that he is facing revocation of his extended supervision in Milwaukee County Case Nos. 2008CF4503 and 2021CM3710 and that he "has a final revocation date of August 7, 2023." *Id.* at 2–3.[1] He asserts that various provisions of the Wisconsin Administrative Code are unconstitutional and takes issue with state revocation procedures. *See generally id.; see also id.* at 4 ("[N]either party involved in the [revocation]

---

[1] The Court assumes this refers to a final hearing regarding revocation of extended supervision. but the dockets for Milwaukee County Case Nos. 2008CF4503 and 2021CM3710 do not explicitly reflect any revocation proceedings. *See State of Wisconsin v. Lloyd T. Schuenke,* No. 2008CF4503 (Milwaukee Cnty. Cir. Ct. 2008), *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2008CF004503&countyNo=40&index=0&mode=details (last visited Oct. 27, 2023); *State of Wisconsin v. Lloyd T. Schuenke*, No. 2021CM3710 (Milwaukee Cnty. Cir. Ct. 2021), *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2021CM003710&countyNo=40&index=0&mode=details (last visited Oct. 27, 2023).

hearing should be allowed to submit any additional 'supporting materials' which were not used in the original revocation hearing . . . .").

Petitioner does not elaborate on the circumstances of his revocation; for example, he does not appear to specify whether he was additionally charged in a new case for whatever alleged conduct prompted his revocation in Milwaukee County Case Nos. 2008CF4503 and 2021CM3710. It is possible that this is the case; on April 27, 2023, a complaint was filed against Petitioner in Milwaukee County Case No. 2023CM1193, charging him with a count each of battery and disorderly conduct, each with a domestic abuse assessment. He appears to be in pre-trial custody in that case.[2] Petitioner also has not followed up to update the Court as to the current status of his revocation proceedings and, as noted, the state court dockets make no mention of revocation. In other words, it is unclear to the Court whether Petitioner was, indeed, revoked.

## 2. LEGAL STANDARD AND ANALYSIS

### 2.1 Previous Petitions

As a threshold matter, it bears noting that Petitioner is a frequent habeas filer; the Court has dismissed multiple of his petitions in recent years as unauthorized successive petitions. *See Schuenke v. Gonzalez*, Case No. 22-cv-1456-JPS, ECF No. 6 at 3 (E.D. Wis. July 6, 2023). This matters because, as Petitioner has been warned, petitioners generally cannot file a second or successive § 2254 habeas petition without receiving authorization from the

---

[2] The docket for Milwaukee County Case No. 2023CM1193 listed Petitioner as being "in custody" and "in court" for a proceeding on October 17, 2023. *See State of Wisconsin v. Lloyd T. Schuenke*, No. 2023CM1193 (Milwaukee Cnty. Cir. Ct. 2023), available at https://wcca.wicourts.gov/caseDetail.html?caseNo=2023CM001193&countyNo=40&index=0&mode=details (last visited Oct. 27, 2023).

Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A). Because both Petitioner's current custodial status and the scope of the instant petition are not entirely clear, however, the Court is unable to accurately determine whether the instant petition constitutes another unauthorized successive petition.[3] The Court accordingly sets this issue aside for the time being.

### 2.2 Screening

In accordance with Rule 1(b) of the Rules Governing Section 2254 Cases and Civil L.R. 9(a)(2), the Court applies the Rules Governing Section 2254 cases to petitions for a writ of habeas corpus under Section 2241. The Court must now screen the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, which states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

"[Section] 2254 is the exclusive avenue for a state prisoner challenging the constitutionality of his detention." BRIAN R. MEANS,

---

[3]The instant petition, at least to the extent it relates to Petitioner's revocation in Milwaukee County Circuit Court Case No. 2008CF4503, is likely successive and therefore disallowed in the absence of Seventh Circuit authorization; the court addressed a previous petition of Petitioner's in *Schuenke v. Kostrzewa*, Case No. 21-cv-1353-LA (E.D. Wis.) in which Petitioner apparently challenged his custodial status during revocation proceedings relating to Milwaukee County Circuit Court Case No. 2008CF4503. In any event, the petition also fails to survive screening and will be dismissed regardless. *See infra* Section 2.2.

FEDERAL HABEAS MANUAL § 9C:2 (2023). "If, however, the petitioner is in custody pursuant to something other than a judgment of a state court (e.g., pre-trial detention, pre-trial bond order, awaiting extradition), he may proceed under 28 U.S.C.A. § 2241." *Id.*; *Jackson v. Clements,* 796 F.3d 841, 843 (7th Cir. 2015) ("The appropriate vehicle for a state pre-trial detainee to challenge his detention is § 2241.") (citing *Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 488 (1973) and *United States ex rel. Parish v. Elrod*, 589 F.2d 327, 328 (7th Cir. 1979)).

A petitioner whose "primary allegation[] concern[s] his claim that his constitutional rights were violated in his state . . . revocation proceedings" should bring such a claim "in a petition for writ of habeas corpus under 28 U.S.C. § 2254." *Ezzell v. United States*, No 13-cv-736-bbc, 2013 U.S. Dist. LEXIS 167014, at *2–3 (W.D. Wis. Nov. 25, 2013); *see also Alexander v. Yandle,* No. 21-cv-903-JPG, 2021 U.S. Dist. LEXIS 162370, at *5 (S.D. Ill. Aug. 27, 2021) ("If [petitioner] is challenging his detention pursuant to [a] revocation judgment, § 2241 is not available to him as a remedy."). Accordingly, to the extent that this is what Petitioner here aims to do, his labeling of his petition as one arising under § 2241 is inaccurate, and moreover, the petition may be an unauthorized successive one. *See supra* note 3. To the extent, however, that Petitioner attempts to challenge his pre-conviction custodial status in Milwaukee County Case No. 2023CM1193, the § 2241 label is technically accurate.[4] But that is not the end of the story.

---

[4]But because Petitioner did not even make note of Case No. 2023CM1193 in his petition, it does not appear that this is what Petitioner was aiming to do. Moreover, because Petitioner listed his "final revocation date" as "August 7, 2023," the Court has no reason to suspect that he remains in pre-trial custody with respect to any revocation proceedings. Presumably, if the final revocation proceeding

Although this does not appear to be the case, in the event that Petitioner is attempting to challenge his pre-conviction custodial status in Milwaukee County Case No. 2023CM1193 under § 2241, *Younger v. Harris*, 401 U.S. 37 (1971) precludes him from doing so at this juncture. Courts have denied § 2241 habeas petitions on the grounds of the *Younger* abstention doctrine, which provides, *inter alia*, that "a federal court must not interfere with a pending state criminal prosecution . . . in the absence of extraordinary circumstances." *Kolski v. Watkins*, 544 F.2d 762, 765 (5th Cir. 1977) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). "Courts have found 'special circumstances' only where the petitioner faces a double jeopardy issue or alleges a speedy trial violation." *Grant v. Schmidt*, No. 18-CV-1709-PP, 2019 U.S. Dist. LEXIS 30254, at *4 (E.D. Wis. Feb. 26, 2019) (citing *Braden*, 410 U.S. at 487 (speedy trial violation); *Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 860 (E.D. Wis. 1999) (collecting cases as to double jeopardy issue); and *Fullivore v. Glass*, No. 16-CV-2143-PLC, 2017 U.S. Dist. LEXIS 21953, at *2 (E.D. Mo. Feb. 16, 2017) (summarizing same)). Petitioner raises neither a double jeopardy issue nor a speedy trial violation, and so his case presents no "special circumstance[]" to warrant federal judicial interference at this time. *Id.*

In any event, and regardless of which end Petitioner here sought to achieve and under which statutory provision he sought to achieve it, the petition does not pass the screening stage because there is no indication in Petitioner's filings that he exhausted any of his state court remedies. The

---

went forward as planned, Petitioner "is no longer being held in pre-conviction custody and, therefore, is no longer subject to potential relief under § 2241." *Quartman v. Cooper*, No. 20-cv-1008-JPS, 2021 U.S. Dist. LEXIS 143598, at *3 (E.D. Wis. Aug. 2, 2021) (citing *Jackson*, 796 F.3d at 842–43).

Seventh Circuit applies the exhaustion doctrine to both § 2241 and § 2254 petitions alike. *See Neville v. Cavanaugh,* 611 F.2d 673, 675 (7th Cir. 1979) ("[T]he doctrine of exhaustion of state remedies . . . applies to pre-trial, as well as post-trial, habeas corpus petitions.") (citing *Braden*, 410 U.S. at 489–92; *Parish*, 589 F.2d at 329; and *Moore v. DeYoung*, 515 F.2d 437, 442 (3d Cir. 1975)). This "doctrine requires a petitioner to use all available state procedures to pursue his claim before seeking federal habeas corpus relief." *Blanck*, 48 F. Supp. 2d at 860. Indeed, the Seventh Circuit "emphasize[s] the imprudence of using habeas corpus in the absence of extraordinary circumstances to wrest from the state courts the primary responsibility for remedying constitutional violations committed by state law enforcement officials." *Parish*, 589 F.2d at 329.

3.  **CONCLUSION**

In light of the foregoing, the Court will deny the petition and the motion for leave to proceed in forma pauperis and dismiss this action without prejudice.[5]

If Petitioner has indeed been revoked in Milwaukee County Case Nos. 2008CF4503 and 2021CM3710 and wishes to challenge his revocation, he is required to exhaust his state remedies before filing a petition for a writ of habeas corpus pursuant to § 2254. *See Ezzell*, 2013 U.S. Dist. LEXIS 167014, at *2–3; *see also Brown v. Wisconsin,* No. 20-cv-682-pp, 2021 U.S. Dist. LEXIS 89552, at *2 (E.D. Wis. May 11, 2021) ("If the petitioner means to challenge

---

[5]Because the Court denies this petition for failure to exhaust, it will not be implicated in any future "second or successive" petition analysis, should Petitioner file any additional petition(s) in the future. *See Slack v. McDaniel*, 529 U.S. 473, 485–86 (2000) ("A habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition.").

his confinement following the revocation of his extended supervision under a state-court judgment of conviction—and he has exhausted his state remedies—he should do so under 28 U.S.C. § 2254, not § 2241."). But even then, a § 2254 petition grounded in Petitioner's revocation in Milwaukee County Case No. 2008CF4503 may nevertheless be rejected as an unauthorized successive petition. *See generally Schuenke v. Kostrzewa*, Case No. 21-cv-1353-LA, ECF No. 19 at 8 (E.D. Wis. Apr. 8, 2022) (denying petition grounded in Petitioner's revocation in Milwaukee County Case No. 2008CF4503 "on the merits"); *Altman v. Benik,* 337 F.3d 764, 766 (7th Cir. 2003) ("[P]etitions that have been denied on the merits . . . do count as prior petitions . . . .") (internal citations omitted)).

Similarly, if Petitioner is convicted in Milwaukee County Case No. 2023CM1193 and wishes to challenge his confinement pursuant to that conviction, he must exhaust his state remedies before filing a petition for a writ of habeas corpus pursuant to § 2254. In any event, and as noted above, Petitioner is not eligible for habeas relief under § 2241 because he alleges neither a double jeopardy issue nor a speedy trial violation in relation to any pre-trial custody.

The Court also notes that Petitioner has been put on notice multiple times that his petitions must be accompanied by "specific information about the petitioner's exhaustion of state-court remedies" and that he must "support each ground with enough facts to warrant habeas relief." *Schuenke v. Gonzalez*, Case No. 22-cv-1456-JPS, ECF No. 6 at 3 (E.D. Wis. July 6, 2023); *Schuenke v. Kostrzewa*, Case No. 21-cv-1353-LA, ECF No. 19 at 4–5 (E.D. Wis. Apr. 8, 2022) ("In none of his filings does [Petitioner] contend that he raised any of the issues he pursues in the present case in filings directed to the Wisconsin trial and appellate courts.").

Despite this guidance, Petitioner's filings with the Court continue to be marked by these same deficiencies and require speculation on the part of the Court. This must stop. "Every paper filed . . . no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991) (a federal court's inherent powers include "the ability to fashion an appropriate sanction for conduct which abuses the judicial process"). Petitioner is hereby on notice that the Court will sanction him should he make any further habeas filings containing deficiencies of which he has already been put on notice and that any further habeas filings bearing such deficiencies will be summarily rejected.

Having denied Petitioner the writ of habeas corpus he seeks, the Court must now evaluate whether it must issue a certificate of appealability to him. *See Evans v. Cir. Ct.,* 569 F.3d 665, 666 (7th Cir. 2009) (confirming that "a state prisoner being held after an indictment or preliminary hearing, who seeks pretrial release [under 28 U.S.C. § 2241], needs a certificate of appealability in order to appeal from a district court's decision denying a petition for a writ of habeas corpus" (citing *Stringer v. Williams*, 161 F.3d 259, 261–62 (5th Cir. 1998) and *Wilson v. Belleque*, 554 F.3d 816, 821, 824–25 (9th Cir. 2009))); *see also* Rule 11(a) of the Rules Governing Section 2254 Cases. To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), a petitioner must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate

to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). No reasonable jurists could debate whether the petition has merit. The Court must, therefore, deny Petitioner a certificate of appealability.

Accordingly,

**IT IS ORDERED** that Petitioner Lloyd T. Schuenke's petition for a writ of habeas corpus, ECF No. 1, be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Petitioner Lloyd T. Schuenke's motion for leave to proceed in forma pauperis, ECF No. 6, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED;** and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED without prejudice** for failure to exhaust.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 27th day of October, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

> This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.